IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT C. BOLUS, SR. and<br>BOLUS TRUCK PARTS AND<br>TOWING, INC. T/A BOLUS<br>ENVIRONMENTAL GROUP,<br>    *Plaintiffs*,<br>  v.<br><br>IAT INSURANCE GROUP T/A HARCO<br>NATIONAL INSURANCE COMPANY;<br>BRADLEY DAVENPORT and<br>MOUNT POCONO<br>TRANSPORTATION, INC.,<br>    *Defendants.* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br><br><br>NO. 19-1712 |

## MEMORANDUM

Plaintiffs' suit arises from nonpayment and allegedly defamatory and fraudulent statements by Defendants after Plaintiffs provided environmental clean-up services following a diesel spill caused by Defendant Mount Pocono Transportation, Inc.'s truck fire. Presently before the Court is Plaintiffs' Motion to Remand the Action to the Philadelphia Court of Common Pleas. ECF No. 5.

### I. Background

Plaintiffs filed this suit in the Philadelphia County Court of Common Pleas on December 8, 2017. ECF No. 5 at ¶ 1. Defendants, IAT Insurance Group t/a Harco National Insurance Company and Bradley Davenport (collectively "IAT" or "Defendants"), assert that "Plaintiffs have vigorously litigated this action against

1

IAT, filing a responsive pleading to IAT's New Matter, serving discovery requests on IAT, answering IAT's discovery requests, and deposing IAT's claims adjuster." ECF No. 8 at 3. On March 28, 2019, the claim against the non-diverse Defendant, Mt. Pocono Transportation, Inc. ("Mount Pocono"), was resolved when "IAT made a payment to the Plaintiffs for the amount of their invoice in exchange for Plaintiffs' dismissal of Mount Pocono from the litigation." ECF No. 8 at 3. Subsequently, the remaining Defendants filed a Removal Petition with this Court on April 18, 2019. ECF No. 1. On May 14, 2019, Plaintiffs filed a motion to remand the case and put forth three reasons why remand is appropriate. ECF No. 5.

First, Plaintiffs argue that Defendants did not comply with 28 U.S.C. § 1446(a), in that, when they originally filed their Notice of Removal with the U.S. District Court Clerk, they did not include copies of all process, pleadings, and orders served upon Defendants. EFC No. 5 at 2-3. Second, Plaintiffs argue that the case should be remanded because Defendants did not file a copy of their petition for removal with the state court, as required by 28 U.S.C. §1446(d). ECF No. 5 at 4. Finally, Plaintiffs argue that Defendants' Notice of Removal was untimely under 28 U.S.C. § 1446(c)(1), which precludes a case from being removed on the basis of jurisdiction more than one year after the commencement of the action, except where plaintiff has acted in bad faith in order to prevent a

2

defendant from removing the action. ECF No. 5 at 5.

Defendants responded to Plaintiffs' Motion to Remand, contending that, although Defendants did not comply with 1446(a) and include in their removal notice copies of all process, pleadings and orders served upon Defendants in the action, "omissions which are merely formal or modal do not affect the right to remove and may be subsequently remedied." ECF No. 8 at 5. Further, Defendants assert that the failure to promptly file a copy of the notice of removal with the prothonotary of the Philadelphia Court of Common Pleas is a procedural defect that does not affect whether removal was proper. ECF No. 8 at 6. Finally, Defendants argue that their removal is within the exception set forth in 28 U.S.C. § 1446(c), which tolls the one-year limitation for removal where plaintiff has acted in bad faith in order to prevent a defendant from removing the action. ECF No. 8 at 4.

## II. Standard

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C § 1332(a). Pursuant to 28 U.S.C. § 1441(a):

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is

3

pending.

28 U.S.C. § 1441(a). If a case is not initially removable, notice of removal may be filed within 30 days of the parties first becoming diverse. 28 U.S.C. § 1446(b)(3). However, the time period during which diversity cases can be removed is limited to "1 year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

"[T]he party asserting federal jurisdiction in a removal case bears the burden of showing . . . that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d. Cir. 1987) (citing *Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 29 (3d Cir. 1985)). Courts may remand "[c]ases . . . under § 1447(c) for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993).

### III. Discussion

A. <u>Defendants' Failure to Comply with § 1446(a)</u>

A defendant's notice of removal must include "cop[ies] of all process, pleadings, and orders served upon such defendant or defendants in such action."

4

28 U.S.C. § 1446(a). When Defendants filed their Notice of Removal on April 18, 2019, Defendants failed to attach such exhibits required by §1446(a). ECF No. 5 at 3. However, as Defendants argue, "[o]missions which are merely formal or modal do not affect the right to remove and may be subsequently remedied." *Efford v. Milam*, 368 F. Supp. 2d 380, 383 (E.D. Pa. 2005) (citations omitted). "Indeed, the majority of Circuit Courts addressing the issue have held that the failure to attach process from the original state court proceeding . . . to the notice of removal, is a *de minimus* procedural defect that is curable after removal." *King v. Mansfield Univ. of Pennsylvania*, No. 1:15-cv-0159, 2015 WL 4647637, at *4 (M.D. Pa. Aug. 5, 2015) (citations omitted). Therefore, Defendants' failure to provide the required paperwork under 28 U.S.C. § 1446(a) does not *necessitate* a remand by this Court and the Court does not find this failure to be a sufficient enough reason to remand the case.

B. Defendants' Failure to Comply with § 1446(d)

Pursuant to 28 U.S.C. § 1446(d), "promptly after the filing of such notice of removal of a civil action the defendant . . . shall file a copy of the notice with the clerk of such State court, which shall effect the removal . . . ." 28 U.S.C. § 1446(d). "The requirement of notice to the state court is an important part of the removal process and has been held necessary to terminate the state court's jurisdiction. Consequently, it is not an obligation that is to be treated . . .

5

casually." *Resolution Tr. Corp. v. Nernberg*, 3 F.3d 62, 69 (3d Cir. 1993).

Nevertheless, "courts have observed, 'failure of notice to the state court is a procedural defect that does not defeat federal jurisdiction.'" *Tube City IMS Corp. v. Allianz Glob. Risks U.S. Ins. Co.*, No. 2:14-cv-1245, 2014 WL 6682577, at *4 (W.D. Pa. Nov. 25, 2014) (quoting *Peterson v. BMI Refractories,* 124 F.3d 1386, 1395 (11th Cir. 1997)). "In light of the technical nature of this defect and the purpose of the notice . . . courts have held that a defendant's act of promptly curing the defect is sufficient and denied motions to remand under these circumstances." *Id.* (citing *Faye v. High's of Baltimore,* 541 F. Supp. 2d 752, 754 (D. Md. 2008); *Bohanna v. Hartford Life & Accident Ins. Co.*, 848 F. Supp. 2d 1009, 1014 (W.D. Mo. 2012)). However, "a federal court might be justified in granting a timely motion to remand under 28 U.S.C. § 1447 on the grounds of such a defect." *Peterson v. BMI Refractories,* 124 F.3d 1386, 1395 (11th Cir. 1997)).

In their Opposition to Plaintiffs' Motion to Remand, Defendants cite cases that have held that notice to the state court *within 25 days* after removal is "prompt," as required by § 1446. *See McLaughlin v. Bayer Essure, Inc. et al.*, No. 14-cv-7315, 2019 WL 2248690, at n.2 (E.D. Pa. May 24, 2019) and *Tube City IMS Corp*, 2014 WL 6682577, at *4. Although Defendants filed their Notice of Removal on April 18, 2019, they did not file a copy of the notice with the prothonotary of the Philadelphia Court of Common Pleas until May 31, 2019. ECF

No. 8 at 6. Therefore, Defendants cured their defect by filing notice with the state court 43 days after their Notice of Removal was filed with this Court. This cure was not prompt and seems to have been treated casually. Accordingly, remand is warranted on this basis.

### C. Defendants' Failure to Comply with § 1446(c)(1)'s One-Year Requirement

Diversity cases must be removed within "1 year of the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). The one-year limitation on removal in 1446(c)(1) is procedural and "excusable by federal courts upon a proper showing of bad faith." *Ehrenreich v. Black*, 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014). "Th[e] 'bad faith' provision was added to the removal statute as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011" and "few courts within the Third Circuit have addressed what constitutes 'bad faith' under the current version of § 1446(c)(1) . . . ." *Plaxe v. Fiegura*, No. CV 17-1055, 2018 WL 2010025, at *3 (E.D. Pa. Apr. 27, 2018).

Those courts that have examined the new language agree that bad faith is evidenced by intentional conduct on behalf of the plaintiff which denies the defendant the opportunity to remove the case to federal court. *Id.* "Courts have noted that a plaintiff's bad faith in preventing removal may be ascertained by

7

circumstantial evidence." *Id.* at *4 (citing *In re: Asbestos Prod. Liab. Litig. (No. VI)*, No. 16-CV-02408, 2016 WL 4264193 (E.D. Pa. Aug. 11, 2016)). The "removing party who contends that the plaintiff acted in bad faith to prevent removal bears a 'heavy burden of persuasion.'" *Id.*

Defendants filed their Notice of Removal more than one year after the commencement of this action. ECF No. 8 at 3. However, Defendants argue that they fall into the "bad faith" exception provided in § 1446(c)(1), asserting that "Plaintiffs never intended to pursue Mount Pocono and fraudulently joined this non-diverse party solely to prevent removal of this case." ECF No. 8 at 3-5. Defendants argue that Plaintiffs bad faith is illustrated by (1) Plaintiffs never seeking discovery from Mount Pocono relating to Mount Pocono's alleged obligation to pay the unpaid invoice or its failure to make payment on the invoice; (2) Plaintiffs never moving for a default judgment against Mount Pocono to recover the amount of unpaid invoice when Mount Pocono failed to answer; and (3) the fact that the negotiations that preceded the settlement of Plaintiffs' claims against Mount Pocono for the unpaid invoice did not include Mount Pocono, but rather were between Plaintiffs and IAT. ECF No. 8 at 4-5.

The Court finds that Defendants' arguments do not sufficiently satisfy their heavy burden of persuasion. There is a more than a reasonable basis supporting the claims against the non-diverse defendant as Mount Pocono was the only party

Plaintiffs were in privity with under contract. ECF No. 9 at 2. Further, no discovery deadline has passed, and it was not necessary for the Plaintiffs to conduct discovery with Mount Pocono at this point as Plaintiffs had emails they felt supported their claim. ECF No. 9 at 2. Additionally, no default deadline has passed. ECF No. 9 at 2. Finally, the fact that IAT was the party that negotiated and paid the settlement to release Mount Pocono from the action is evidence that the Plaintiffs had a colorable claim against Mount Pocono and that they had a good intention to prosecute the claim against Mount Pocono. ECF No. 9 at 4.

Thus, because removal statutes are to be strictly construed against removal, with all doubts resolved in favor of remand, the Court finds the Defendants did not met their heavy burden of persuasion. Therefore, the Court will grant Plaintiffs' Motion to Remand.

### IV. Conclusion

For the forgoing reasons, Plaintiffs' Motion to Remand to the Philadelphia County Court of Common Pleas is granted.

BY THE COURT:

DATE: 7-9-2019

CHAD F. KENNEY, JUDGE